**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALPHONSO WILLIAMS<br>425 Mitch Snyder Place, NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>    v.<br><br>THE GOVERNMENT OF THE<br>DISTRICT OF COLUMBIA<br>    Serve: Mayor Anthony Williams<br>    District of Columbia<br>    Executive Office of the Mayor<br>    1350 Pennsylvania Avenue NW<br>    Sixth Floor<br>    Washington, D.C. 20004<br><br>    and<br><br>OFFICER TIMOTHY O. STEFFES<br>    Metropolitan Police Department<br>    Fifth District<br>    1805 Bladensburg Road, N.E.<br>    Washington, DC 20004<br><br>    and<br><br>JOHN DOES 1 – 25<br>Officers/Employees/Agents of the<br>District of Columbia Metropolitan<br>Police Department | Case No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**
**(Civil rights/Battery/Infliction of Emotional Distress/Negligence/False Imprisonment)**

    Plaintiff Alphonso Williams ("Plaintiff" or "Mr. Williams"), through his undersigned

counsel, brings this action against the District of Columbia, Officer Timothy O. Steffes and John

1

Does 1-25, to redress deprivation of his civil rights under 42 U.S.C. § 1983 ("Section 1983") and related common law claims.  This action for damages arises out of the brutal battery and shooting of Mr. Williams while in the custody of the Metropolitan Police Department ("MPD") by MPD Officer Timothy O. Steffes ("Officer Steffes") and other MPD Officers whose identity are currently unknown by Plaintiff, who are described herein as Defendants John Does 1 through 25.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's Section 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  This Court has supplemental/pendent jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391, in that the District of Columbia is a Defendant in this litigation and the events giving rise to this action took place in this judicial district.

3. The District of Columbia was properly given notice of this claim pursuant to D.C. Code Ann. § 12-309 (2005), insofar as Plaintiff served a notice on the Mayor of the District of Columbia, and/or his designees, on or about March 1, 2006.

## PARTIES

4. Plaintiff Alphonso Williams is an adult African-American individual residing in the District of Columbia at 425 Mitch Snyder Place, N.W., Washington, D.C.  20001.

5. Defendant District of Columbia is a municipal corporation capable of being sued under D.C. Code §1-102, and it is the employer of MDP Officers Steffes and John Does 1-25. The District of Columbia MDP is a department within the District of Columbia.

6. Officer Steffes at all relevant times was a police officer employed by the MDP and, therefore, the District of Columbia. Officer Steffes is sued in his individual capacity, and was at all times relevant acting within the scope of his employment and/or agency with the District of Columbia.

7. Upon information and belief, at all relevant times herein, Defendants John Does 1-25 were MPD employees and/or agents, and/or District of Columbia employees and/or agents, acting at all relevant times within the scope of their employment and/or agency with the District of Columbia.

8. Under the doctrine of respondeat superior and/or the governmental actors doctrines, the District of Columbia is legally responsible for, *inter alia*, the misconduct of Officer Steffes and John Does 1-25 committed within the scope of their employment and/or agency with the District of Columbia.

## FACTUAL BACKGROUND

9. On September 21, 2005, Frank Junious and Tabitha Lawrence were involved in a domestic dispute. A neighbor, Regina Cooley, eventually called the police to attend to resolving the domestic dispute.

10. While waiting for the police to arrive, Plaintiff intervened and stopped the altercation between Frank Junious and Tabitha Lawrence. By the time the police arrived, the altercation had ended and Plaintiff was calmly speaking with Frank Junious.

11. Police officers, including Officer Steffes, arriving on the scene saw Plaintiff speaking to Frank Junious and without knowing what the circumstances were, an officer ordered Plaintiff to "put your fucking hands on your head" and get on the ground. Plaintiff complied with police orders and attempted to inform the officer that he was not involved in the dispute.

Regina Cooley also informed the officers that Plaintiff was not the person she had called about and that he had nothing to do with the incident. The officers ignored both Plaintiff and Ms. Cooley, pushed Plaintiff to the ground and roughly placed him in hand cuffs. Plaintiff once again attempted to explain that the officer was arresting the wrong person, but complied with the officers' orders nonetheless.

12. While Plaintiff was in handcuffs and laying face down on the ground, in front of numerous witnesses, Officer Steffes unholstered his hand gun, placed the barrel to Plaintiff's head and told him to "shut the fuck up." Officer Steffes' actions and use of force vis-à-vis Plaintiff were both unreasonable and excessive. Plaintiff, surprised and frightened by Officer Steffes' behavior, begged the officer to stop pointing the gun at his head. Without warning, Officer Steffes pulled the trigger and shot Plaintiff in the head. In terror, bleeding from the head, and unaware of how badly he was injured, Plaintiff urinated on himself. Soon thereafter, other officers arrived on the scene. Plaintiff was left in handcuffs and in his urine-soaked and bloodied clothes.

13. Plaintiff was then taken to Howard University Hospital. When it was discovered that the gunshot did not penetrate his skull, he was taken to the Fifth District police station by officers of the MPD, including Officer Steffes, and falsely charged with assault on a police officer. Mr. Williams submits that the officers falsely charged him to protect themselves from civil and criminal liability. This charge was subsequently dismissed by the D.C. Superior Court on October 13, 2005.

14. Mr. Williams is employed as a roofer and has worked for the same employer for 19 years. His Pretrial Services Report indicates that he has no prior criminal charges or convictions.

15. The use of unreasonable and/or excessive force by Officer Steffes and John Does 1-25 is subject to specific regulation(s), and/or order(s) and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

16. The battering of Mr. Williams by Officer Steffes and John Does 1-25 was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

17. At all relevant times herein, Officer Steffes and John Does 1-25 were acting within the scope of their employment and/or agency with the District of Columbia, and the District of Columbia is therefore vicariously and jointly and severally liable for all of Officer Steffes' and John Does 1-25's acts or omissions under, *inter alia*, the doctrine of respondeat superior.

## COUNT I
### Battery
**(Officer Steffes and the District of Columbia)**

18. Paragraphs 1 through 17 are incorporated by reference as though fully set forth at length.

19. The claim for battery is brought against both Officer Steffes and the District of Columbia.

20. On September 21, 2005, Officer Steffes shot Plaintiff in the forehead with a bullet that had been discharged from a gun within the control of Officer Steffes.

21. Officer Steffes' shooting of Plaintiff in the head, while Plaintiff was on his stomach with his arms behind his back in handcuffs constituted an unlawful, intentional, and offensive touch and use of force by Officer Steffes.

22. At no time did Mr. Williams consent to such a touch and use of force, do anything to provoke such a touching and use of force, or act in such a way where such a use of force would be considered reasonably necessary.

23. All actions of Officer Steffes as alleged herein throughout the battering of Plaintiff, and his actual and wrongful use of force to batter Plaintiff, occurred within Officer Steffes' course of his duty and the scope of his employment and/or agency as an employee of the District of Columbia.

24. At all times material hereto, Officer Steffes' use of unreasonable and excessive force was in violation of his duty to only use reasonable measures in his interaction and treatment of Plaintiff, in addition to any and all applicable regulation(s), order(s), and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

25. As a proximate result of the Defendants' willful, wrongful, and intentional battering, Plaintiff suffered and will continue to suffer severe pain and suffering, was prevented from pursuing his usual routine activities and was caused economic damages including, but not limited to, expenses for hospital care and additional medical care, as well as expenses for future medical care, rehabilitation, and/or counseling.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Steffes and the District of Columbia, jointly and severally, as follows:

(1) Compensatory damages in an amount of not less than $500,000, and further,

(2) Punitive damages in the amount of not less than $5,000,000.

(3) For costs and expenses associated with this suit.

(4) For such other and further relief as this Court deems appropriate.

## COUNT II
### Intentional Infliction of Emotional Distress
### (All Defendants)

26. Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27. This Count is alleged against Officer Steffes, John Does 1-25 and the District of Columbia.

28. Officer Steffes' and John Does 1-25's acts and omissions, as noted above, including the battery of Plaintiff by Officer Steffes followed by the Defendants' filing of false charges against Plaintiff to protect themselves from civil and criminal liability, were so outrageous in character and extreme in degree so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

29. Officer Steffes and John Does 1-25 engaged in the aforementioned conduct intentionally and/or recklessly.

30. As a proximate result of the aforementioned conduct, Officer Steffes and John Does 1-25 intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress by keeping him handcuffed in clothes soaked with human blood and urine for an unreasonable amount of time, and by filing false charges against Plaintiff, despite his innocence and despite his severe and serious injuries.

31. All actions of Officer Steffes and John Does 1-25 as alleged herein throughout the assault and battering of Plaintiff, the actual and wrongful use of force to batter Plaintiff, and the

intentional infliction of emotional distress upon Plaintiff occurred within Officer Steffes' and John Does 1-25's course of their duties and scope of their employment and/or agency as police officers and employees of the District of Columbia. Defendant District of Columbia, therefore, is vicariously liable for the actions of these individual defendants under the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, as follows:

(1) Compensatory damages in an amount of not less than $500,000, and further,

(2) Punitive damages in the amount of not less than $5,000,000.

(3) For costs and expenses associated with this suit.

(4) For such other and further relief as this Court deems appropriate.

## COUNT III
### 42 U.S.C. § 1983
### Violation of Fourth and Fifth Amendment Rights
### (Individual Defendants)

32. Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33. This Count arises under 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the U. S. Constitution, and is alleged against Officer Steffes and John Does 1-25 in their individual capacities.

34. At all times relevant herein, Officer Steffes and John Does 1-25 acted under the color of the laws of the District of Columbia.

35. At all relevant times, Plaintiff enjoyed the clearly established protections of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, prohibiting, among other

things, egregious deprivation of the rights to safety, bodily integrity, and personal security. All all times relevant, Plaintiff also enjoyed the clearly established protections of the Fourth Amendment to the U.S. Constitution – namely the protection against excessive force in the course of an arrest or seizure.

36. Throughout the incident set forth in the foregoing paragraphs, Officer Steffes and John Does 1-25 were subject to the constitutional obligation to take all reasonable measures to guarantee Plaintiff's clearly established rights to safety, bodily integrity, personal security and freedom from excessive force.

37. By his outrageous and unconscionable conduct in shooting Plaintiff in the head under the aforesaid circumstances, Officer Steffes acted with conscience-shocking, deliberate indifference to the deprivation of Plaintiff's Fourth and Fifth Amendment rights in subjecting him to the known, egregious and substantial risk of serious bodily harm and excessive force, which resulted in actual harm to Plaintiff.

38. At the time of Officer Steffes' egregious battery of Plaintiff, Plaintiff was not violating any laws, was not attempting to interfere with the execution of Officer Steffes' (or any other police officer's) duties, was not engaging, or attempting to engage in, any assaultive behavior towards Officer Steffes (or any other police officer), or otherwise acting in any other manner where the application of the aforementioned force by Officer Steffes would be reasonably required or condoned under the applicable regulation(s). Officer Steffes did not have reasonable and/or probably cause to arrest Plaintiff.

39. As a result of the egregious battery, Plaintiff sustained severe and permanent personal (both physical and emotional) injuries requiring hospitalization, follow-up medical care, and counseling.

40. Officer Steffes' use of excessive force was both malicious and sadistic and used for the very purpose of causing harm to Plaintiff.

41. Officer Steffes' above-stated affirmative actions concerning the actual use of excessive force resulting in the battering of Plaintiff without cause constitutes misconduct that was unreasonable, reckless and outrageous, and in blatant violation of Plaintiff's clearly established constitutional rights to be free from unwarranted deprivations of safety, bodily integrity, and personal security without due process, under the Due Process Clause of the Fifth Amendment to the United States Constitution, as well as Plaintiff's clearly established constitutional right to be free from excessive force during an arrest or seizure under the Fourth Amendment to the United States Constitution.

42. Officer Steffes' and John Does 1-25's acts and omissions, as noted above, including the battery of Plaintiff by Officer Steffes followed by the individual Defendants' conspiring to file false charges against Plaintiff to protect themselves from civil and criminal liability, were so outrageous in character and extreme in degree so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

43. Officer Steffes and John Does 1-25 knew that their actions and/or failures to act placed Plaintiff in substantial risk of serious harm, permanent disfigurement/disability, and even death.

44. Officer Steffes and John Does 1-25 knew that their actions and/or failures to act would cause Plaintiff to suffer extreme and horrific pain and mental anguish for an unreasonable length of time.

45. These actions constituted intentional, willful, and callous disregard of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Steffes and John Does 1-25 as follows:

(1) Compensatory damages in an amount of not less than $500,000, and further,

(2) Punitive damages in the amount of not less than $5,000,000.

(3) For costs and attorneys' fees associated with this suit, which are recoverable pursuant to 42 U.S.C. § 1988.

(4) For such other and further relief as this Court deems appropriate.

## COUNT IV
## Negligence
## (All Defendants)

46. Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein.

47. Defendants, directly and/or by or through their respective agents and/or employees, were negligent and breached their duty of care to Plaintiff while he was in their custody. Defendants were negligent and breached their duties of care by, among other things, failing to comply will all applicable laws, statutes, regulations, training, police standards, police special orders and general orders with regard to the treatment and actions of Plaintiff while he was in their custody.

48. Defendants failed to comply with General Order 901.07, which states in relevant part: "[T]he policy of the Department is that an officer shall use only that force which is reasonably necessary to bring an incident under control, while protecting the lives of the officers and others."

49. Defendants had a duty, pursuant to General Order 901.07 to use non-deadly force only when such force is necessary to protect themselves or another from physical harm, to restrain or subdue a resistant individual, or to bring an unlawful situation safely and effectively under control.

50. Pursuant to Special Order 97-31, Code of Ethics, Defendants had a duty to not conduct themselves in any way which may be construed as immoral, indecent, and/or unprofessional.

51. Pursuant to the MPD's "Spectrum of Force" and "Use of Force Continuum," Defendants had a duty to comply with the policy of the MPD that each member in all cases use only the minimal amount of force which is consistent with the accomplishment of their mission, and to only use force to protect life and property, to make a lawful arrest, to prevent escape of a law violator, to control an unlawful situation, and/or to retrain a resisting suspect or prisoner.

52. Pursuant to General Order 201.26, Defendants had a duty to report any violations of the rules of the MPD by any other member of the MDP to their immediate supervisor.

53. Additionally, under General Order 201.26(D)(7), Defendants had a duty not to strike or use any form of physical force on a person with whom they are dealing, expect when necessary to prevent an escape, when acting in self-defense, or to prevent violence to another person.  No such justifiable circumstances existed here.

54. Additionally, under the guidelines and orders set forth above, John Does 1-25 had a duty to intervene and prevent Officer Steffes from using inappropriate force vis-à-vis Plaintiff.

55. Defendants breached these duties owed Plaintiff, with such breach being the direct and proximate cause of Plaintiff's significant and several injuries, noted above and below.

56.   As a direct and proximate cause of Defendants' negligence, Plaitniff suffered serious physical injury, suffered and will continue to suffer from severe pain, mental anguish and distresss, and was caused economic edamages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

(1)   Compensatory damages in an amount of not less than $500,000, and further,

(2)   Punitive damages in the amount of not less than $5,000,000.

(3)   For costs and expenses associated with this suit.

(4)   For such other and further relief as this Court deems appropriate.

## COUNT V
### False Arrest and Imprisonment
### (All Defendants)

57.   Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein.

58.   Defendants were not justified in ordering the arrest of Plaintiff or actually arresting Plaintiff.  Nor were Defendants justified with charging Plaintiff with any crime.

59.   Defendants did not have probable cause to arrest Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

60.   Defendants were not justified in unlawfully and forcefully arresting Plaintiff and unlawfully and forcefully detaining Plaintiff and depriving him of his freedom of movement.

61.   Plaintiff did not consent to the aforementioned unlawful forceful arrest and detainment.

62.   The conduct of Defendants vis-à-vis Plaintiff, noted above, was both unlawful and unreasonable, and in violation of all relevant regulations.

63. As a direct and proximate cause of Defendants' actions, Plaitniff suffered serious physical injury, suffered and will continue to suffer from severe pain, mental anguish and distresss, and was caused economic edamages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

(1) Compensatory damages in an amount of not less than $500,000, and further,

(2) Punitive damages in the amount of not less than $5,000,000.

(3) For costs and expenses associated with this suit.

(4) For such other and further relief as this Court deems appropriate.

Respectfully submitted,

James C. Bailey (# 462391)
Jason H. Ehrenberg (# 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 787-3869
F: (202) 318-7071
jcb@becounsel.com
jhe@becounsel.com

and

Michael O'Keefe, Esq. (#443696)
P.O. Box 42065
Washington, D.C. 20015
Tel: (202) 363-9092
okeef@aol.com