UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALPHONSO WILLIAMS, : <br> : <br> **Plaintiff,** : <br> : Civil No. 1:06-cv-00432 (RBW) <br> v. : <br> : <br> DISTRICT OF COLUMBIA, et al., : <br> : <br> : <br> : <br> **Defendants.** : <br> : | |

**DEFENDANT SERGEANT TIMOTHY O. STEFFES'
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Sergeant Timothy O. Steffes ("Defendant" or "Sgt. Steffes"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. Sgt. Steffes asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Sgt. Steffes states the following in response to the individually numbered paragraphs in the Complaint.

**COMPLAINT**

The allegations asserted in the introductory paragraph of the Complaint are legal conclusions to which no response is required. Sgt. Steffes acknowledges the statutes cited in the introductory paragraph, but does not admit that jurisdiction necessarily is conferred therefrom.

## JURISDICTION AND VENUE

1. The allegations asserted in paragraph one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. Sgt. Steffes acknowledges the statutes cited in paragraph one, but does not admit that jurisdiction necessarily is conferred therefrom.

2. Sgt. Steffes acknowledges the existence of the statutory provision cited in paragraph two of the Complaint, but denies that the statute confers venue in the present action.

3. The allegations asserted in paragraph three of the Complaint are not directed at this Defendant and therefore no response is required.

## PARTIES

4. Sgt. Steffes is without sufficient information to admit or deny the factual allegations contained in paragraph four of the Complaint.

5. Sgt. Steffes admits that he is employed by the Metropolitan Police Department ("MPD") and was so at the time of the events alleged in the Complaint. Sgt. Steffes is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph five of the Complaint.

6. Sgt. Steffes admits that at all relevant times he was a Sergeant employed by the MPD. The remaining allegations asserted in paragraph six of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

7. The allegations asserted in paragraph three of the Complaint are not directed at this Defendant and therefore no response is required.

8. The allegations asserted in paragraph eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

## FACTUAL BACKGROUND

9. Sgt. Steffes is without sufficient information to admit or deny the factual allegations contained in paragraph nine of the Complaint.

10. Sgt. Steffes is without sufficient information to admit or deny the factual allegations contained in paragraph ten of the Complaint.

11. Sgt. Steffes denies the allegations contained in paragraph eleven of the Complaint and demands strict proof thereof at trial.

12. Sgt. Steffes is without sufficient information to admit or deny whether Plaintiff urinated on himself. Sgt. Steffes denies the remaining allegations contained in paragraph twelve of the Complaint and demands strict proof thereof at trial.

13. Sgt. Steffes denies that he transported Plaintiff from Howard University Hospital to the Fifth District police station. Sgt. Steffes is without sufficient information to admit or deny the remaining factual allegations contained in paragraph thirteen of the Complaint.

14. Sgt. Steffes is without sufficient information to admit or deny the factual allegations contained in paragraph fourteen of the Complaint.

15. The allegations asserted in paragraph fifteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

16. The allegations asserted in paragraph sixteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

17. The allegations asserted in paragraph seventeen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

## COUNT I
### (Battery)

18. Sgt. Steffes incorporates by reference its response to paragraphs 1-17 of the Complaint.

19. The allegations asserted in paragraph nineteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

20. Sgt. Steffes denies the allegations asserted in paragraph twenty of the Complaint and demands strict proof thereof at trial.

21. Sgt. Steffes denies shooting Plaintiff. The remaining allegations asserted in paragraph twenty-one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations asserted in paragraph twenty-one of the Complaint and demands strict proof thereof at trial.

22. Sgt. Steffes denies that Plaintiff "at no time [did] anything to provoke" Sgt. Steffes' use of force. The remaining allegations asserted in paragraph twenty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

23. The allegations asserted in paragraph twenty-three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

24. The allegations asserted in paragraph twenty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

25. The allegations asserted in paragraph twenty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

## COUNT II
### (Intentional Infliction of Emotional Distress)

26. Sgt. Steffes incorporates by reference its response to paragraphs 1-25 of the Complaint.

27. The allegations asserted in paragraph twenty-seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

28. The allegations asserted in paragraph twenty-eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

29. The allegations asserted in paragraph twenty-nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

30. The allegations asserted in paragraph thirty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

31. The allegations asserted in paragraph thirty-one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

## COUNT III
## (42 U.S.C. § 1983)

32. Sgt. Steffes incorporates by reference it response to paragraphs 1-31 of the Complaint.

33. The allegations asserted in paragraph thirty-three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

34. The allegations asserted in paragraph thirty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

35. The allegations asserted in paragraph thirty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

36. The allegations asserted in paragraph thirty-six of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

37. The allegations asserted in paragraph thirty-seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

38. The allegations asserted in paragraph thirty-eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

39. The allegations asserted in paragraph thirty-nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

40. The allegations asserted in paragraph forty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

41. The allegations asserted in paragraph forty-one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

42. The allegations asserted in paragraph forty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

43. The allegations asserted in paragraph forty-three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

44. The allegations asserted in paragraph forty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

45. The allegations asserted in paragraph forty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

**COUNT IV**
**(Negligence)**

46. Sgt. Steffes incorporates by reference its response to paragraphs 1-45 of the Complaint.

47. The allegations asserted in paragraph forty-seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

48. The allegations asserted in paragraph forty-eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

49. The allegations asserted in paragraph forty-nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

50. The allegations asserted in paragraph fifty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

51. The allegations asserted in paragraph fifty-one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

52. The allegations asserted in paragraph fifty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

53. The allegations asserted in paragraph fifty-three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

54. The allegations asserted in paragraph fifty-four of the Complaint are not directed at this Defendant and therefore no response is required. In addition, the allegations asserted in paragraph fifty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

55. The allegations asserted in paragraph fifty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

56. The allegations asserted in paragraph fifty-six of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

**COUNT V**

57. Sgt. Steffes incorporates by reference its response to paragraphs 1-56 of the Complaint.

58. The allegations asserted in paragraph fifty-eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

59. The allegations asserted in paragraph fifty-nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

60. The allegations asserted in paragraph sixty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

61. The allegations asserted in paragraph sixty-one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

62. The allegations asserted in paragraph sixty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

63. The allegations asserted in paragraph sixty-three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, Sgt. Steffes denies the allegations and demands strict proof thereof at trial.

Defendant Sgt. Steffes reserves the right to amend the answer.

### Third Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred because the Plaintiff assumed the risk of such injuries by his own willful conduct.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

### Sixth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than Sgt. Steffes.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the Sgt. Steffes.

### Eighth Defense

All actions performed by Sgt. Steffes met or exceeded the applicable standard of care.

### Ninth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

### Tenth Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

### Eleventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, Sgt. Steffes' conduct was performed in self-defense or to protect the safety others.

### Twelfth Defense

All federal claims against Sgt. Steffes are barred by the doctrine of qualified immunity.

### Thirteenth Defense

Plaintiff's claims are barred by the public duty doctrine.

### Fourteenth Defense

Plaintiff's negligence claim is barred because Plaintiff has alleged only intentional conduct by Sgt. Steffes.

### JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, Sgt. Steffes prays the Court dismiss the Complaint with prejudice and award Defendant Sgt. Steffes the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

        /s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


        /s/ Rena Scheinkman
BY:   RENA SCHEINKMAN [488861]
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, DC 20001
(202)724-6615
(202) 727-3625 (fax)
E-mail:  rena.scheinkman@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2006, I electronically filed a true and correct copy of the foregoing DEFENDANT SERGEANT TIMOTHY O. STEFFES' ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court, in accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rules 5.3 and 5.4, using the CM/ECF system, which will send notification of such filing to the parties listed below.

| **Counsel for Plaintiff:** | **Counsel for Defendant District of Columbia:** |
|---|---|
| JAMES C. BAILEY [462391] | NICOLA N. GREY [492150] |
| JASON H. EHRENBERG [469077] | Assistant Attorney General |
| Bailey & Ehrenberg PLLC | 441 Fourth Street, N.W. |
| 1155 Connecticut Avenue N.W. | Sixth Floor South |
| Suite 1100 | Washington, D.C. 20001 |
| Washington, D.C. 20036 | (202) 724-6626 |
| T: (202) 787-3869 | (202) 727-3625 (fax) |
| F: (202) 318-7071 | E-mail: nicola.grey@dc.gov |
| jcb@becounsel.com | |
| jhe@becounsel.com | |

and

MICHAEL O'KEEFE, ESQ. [443696]
P.O. Box 42065
Washington, D.C. 20015
Tel: (202) 363-9092
okeef@aol.com

　　　　　　　　　　　　　　　　　　　　/s/ Rena Scheinkman