IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALPHONSO WILLIAMS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | Civil Action No.: 06-432N (RBW) |
| **DISTRICT OF COLUMBIA, ET., AL.,** : | |
| : | JURY TRIAL DEMANDED |
| **Defendants.** : | |
| : | |

## JOINT RULE 16.3 REPORT

The parties to the captioned action hereby submit the following report in accordance with Local Rule 16.3 of the Civil Rules of this Court and the Chambers' Rules of Judge Reggie B. Walton. Counsel participated in a telephonic "meet and confer" session on July 11, 2006. Present for the Plaintiff were James C. Bailey and Michael O'Keefe; Nicola N. Grey participated for the Defendant the District of Columbia, and Rena Scheinkman participated for Defendant Sergeant Steffes.[1]

The numbered paragraphs that follow the statement of the case correspond to the identically numbered paragraphs in Local Rule 16.3. Per Judge Walton's Order for Initial Scheduling Conference, the parties also submit, below, a brief statement of the case and the statutory basis for all causes of action and defenses.

---

[1] Defendants John Does 1-25 are currently unidentified; the parties will advise the Court if they become identified as discovery develops.

      1.      Plaintiff does not believe that his claims can be resolved by dispositive motion. Currently, no dispositive motions have been filed by either party. Defendants[2] believe that dispositive motions may be appropriate after the close of discovery.

      2.      This case involves claims against as yet unidentified actors – John Does 1-25. With respect to the John Does 1-25, Plaintiff will seek leave to amend the Complaint as soon as they can be identified through discovery and after evaluating whether a cause of action lies against those currently unidentified officers, or by December 15, 2006, whichever is earlier. Defendants believe Plaintiff should amend the Complaint, if necessary, on or before October 9, 2006.

Plaintiff believes some factual and legal issues can be agreed upon or narrowed, as follows: the parties should be able to agree to the statements of Jurisdiction and Venue contained in Complaint paragraphs 1-3 as well as Complaint paragraphs 4 and 5. Defendants do not believe that factual and legal issues can be agreed upon or narrowed at this time.

      3.      The parties propose that this case should not be assigned to a magistrate judge for any purpose other than mediation.

      4.      It is unclear at this early stage of the litigation whether there is a realistic possibility of settling this case.

      5.      The parties have discussed the possibility of alternative dispute resolution with their clients. At this time, the parties believe that they would not benefit from an early ADR. The parties will contact the Court should they determine that the case would benefit from ADR.

---

[2] The term "Defendants" used throughout this Report includes both Defendant District of Columbia and Defendant Sergeant Steffes, unless the Defendants are identified separately by name.

6.     Plaintiff does not believe this case will be resolved by summary judgment. Defendants believe that this case may be resolved by summary judgment after the close of discovery. Any dispositive motions should be filed on or before January 26, 2007.

7.     The parties propose that they exchange the initial disclosures set forth in Fed. R. Civ. P. 26(a) on or before August 4, 2006.

8.     The parties propose that discovery close on or before December 15, 2006. The Plaintiff proposes that the parties shall serve written discovery requests within time for a response to be provided prior to discovery closing. Defendants believe that the parties should serve their written discovery requests on or before August 25, 2006. (*See* Defendants' Proposed Scheduling Order.)

The Plaintiff proposes that he be allowed to propound 30 interrogatories to each named Defendant. Defendants propose that they be allowed to propound 30 interrogatories each on the Plaintiff. Plaintiff believes that he will need to take at least 15 depositions, as discovery may reveal a significant number of witnesses and/or participants in the events set forth in the Complaint. Defendants propose that Plaintiff should not exceed the ten (10) depositions allowed under Federal Rule of Civil Procedure 30 and Local Rule 30, unless he seeks leave of Court by motion. Defendants will not take more than 10 depositions between the two of them.

9.     The parties propose that Plaintiff's Rule 26(a)(2) disclosures, if any, be made by October 6, 2006 and Defendants' disclosures be made by November 3, 2006.

10.    The matters set forth in Local Rule 16.3(c)(10) are limited to class actions and are thus inapplicable to this case.

11.     The parties believe that bifurcation should not be utilized in this case at this time.  The District and Sergeant Steffes reserve the right to raise this issue later in this lawsuit as the factual record is developed.

12.     The parties believe that a pretrial conference should be held within 30 days after the Court rules on dispositive motions filed after the close of discovery.  If no dispositive motions are filed, the parties believe that a pretrial conference should be held on February 5, 2007.

13.     The parties believe that a trial date should be set at the pretrial conference.

14.     No other matters have been discussed between the parties that would be appropriate for inclusion in a scheduling order.

15.     The Plaintiff's  Proposed Scheduling Order and the Defendants' Proposed Scheduling Order are attached hereto for the Court's consideration.

**Statement of the Case and Statutory Basis for Causes of Action and Defenses**

Plaintiff's Contentions

Plaintiff's allegations stem from the actions of officers of the District of Columbia Metropolitan Police Department ("MPD"), including those of Defendant Sergeant Timothy Steffes.  According to Plaintiff, he sought to defuse an apparent domestic dispute on September 21, 2005.  A neighbor called the MPD in connection with the domestic dispute.  While waiting for the police to arrive, Plaintiff intervened and stopped the altercation.  The altercation had ended by the time the MPD had arrived to the scene of the domestic dispute.  After the MPD arrived, police officers, including Officer Steffes, ordered Plaintiff to put his hands on his head and get on the ground.  Plaintiff

complied with police orders. Plaintiff and another witness and informed the officers that Plaintiff was not involved in the dispute. Ignoring Plaintiff and the other witness, the police officers pushed Plaintiff to the ground and roughly placed him in hand cuffs. Ultimately, while Plaintiff was in handcuffs and laying face down on the ground, Defendant Officer Steffes unholstered his hand gun, placed the barrel to Mr. Williams' head, shouted various statements, and pulled the trigger, shooting Plaintiff in the forehead. Plaintiff was then taken to Howard University Hospital. When it was discovered that the gunshot did not penetrate his skull, he was taken to a police station and falsely charged with assault on a police officer. The charge against Plaintiff was subsequently dismissed by the Superior Court on October 13, 2005.[3]

Plaintiff's claims sound in both federal and common law; his allegations and the statutory authority for each are as follows:

(1) Battery (common law) against both Officer Steffes and the District of Columbia.

(2) Intentional Infliction of Emotional Distress (common law) against all Defendants.

(3) Section 1983 (42 U.S.C. § 1983) for violation of Plaintiff's Fourth and Fifth Amendment Rights) against all individual defendants.

(4) Negligence (common law) against all defendants.

(5) False Arrest and Imprisonment (common law) against all defendants.

---

[3] On May 25, 2006, the United States Attorney for the District of Columbia provided notice that it would not oppose Plaintiff's motion to seal the charge of assault on a police officer, stating that, "the government states that it has reviewed the facts in the instant case, and believes that this Court could find, by clear and convincing evidence, that the defendant did not commit the offense for which he was arrested." *See* Superior Court Crim. No. F-5489-05.

Defendants' Contentions

The Defendants deny all allegations of wrongdoing from acts of commission or omission. The Defendants do not believe that they have violated any laws, or are liable for any misconduct. Specific defenses are as follows:

*Defendant District of Columbia's Defenses*:

1. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

2. If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

3. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

4. If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

5. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

6. All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

7. Plaintiff might have failed to mitigate any damages that he may have incurred.

8. Plaintiff's claim might be barred by the applicable statute of limitations.

9. If Plaintiff was injured and/or damaged as alleged in the Complaint, the District's conduct was performed in self-defense or to protect the safety others.

10. All federal claims against the individual defendants are barred by the doctrine of qualified immunity.

6

11. Defendant is immune from the claims in this suit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, privilege, and/or official immunity. Plaintiff lacks capacity to bring this suit. The actions of defendant were discretionary decisions for which there can be no liability. Plaintiff's claims are barred by the public duty doctrine.

*Defendant Sergeant Steffes' Defenses:*

1. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

2. If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred because the Plaintiff assumed the risk of such injuries by his own willful conduct.

3. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

4. If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than Sgt. Steffes.

5. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the Sgt. Steffes.

6. All actions performed by Sgt. Steffes met or exceeded the applicable standard of care.

7. Plaintiff might have failed to mitigate any damages that he may have incurred.
8. If Plaintiff was injured and/or damaged as alleged in the Complaint, Sgt. Steffes' conduct was performed in self-defense or to protect the safety others.

9. All federal claims against Sgt. Steffes are barred by the doctrine of qualified immunity.

10. Plaintiff's negligence claim is barred because Plaintiff has alleged only intentional conduct by Sgt. Steffes.

DATED:  July 24, 2006                    Respectfully submitted,

**Counsel for Plaintiff**

/s/
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
t:  (202) 787-3869
f:  (202) 318-7071
e:  jcb@becounsel.com

-and-

/s/
_____
Michael O'Keefe
P.O. Box 42065
Washington, D.C. 20015
(202) 363-9092

      ROBERT J. SPAGNOLETTI
      Attorney General

      GEORGE C. VALENTINE
      Deputy Attorney General
      Civil Litigation Division

**Counsel for Defendant District of Columbia**

      _____/s/_____
      HOLLY M. JOHNSON [476331]
      Chief, General Litigation Section III


      _____/s/_____
BY: NICOLA N. GREY [492150]
      Assistant Attorney General
      441 Fourth Street, N.W.
      Sixth Floor South
      Washington, D.C. 20001
      (202) 724-6626
      (202) 727-3625 (fax)
      nicola.grey@dc.gov


**Counsel for Defendant Timothy O. Steffes**

      _____/s/_____
      NICOLE L. LYNCH [471953]
      Chief, General Litigation Section II


      _____/s/_____
BY: RENA SCHEINKMAN [488861]
      Special Assistant Attorney General
      General Litigation Division
      441 4th Street, N.W.
      Washington, D.C. 20001
      (202) 724-6615
      rena.scheinkman@dc.gov

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALPHONSO WILLIAMS, | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.: 06-432N (RBW) |
| DISTRICT OF COLUMBIA, ET., AL., | : | |
| | : | JURY TRIAL DEMANDED |
|     **Defendants.** | : | |
| | : | |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| Event | Date/Deadline |
|---|---|
| Initial Disclosures | August 4, 2006 |
| Plaintiff's Rule 26(a)(2) Disclosures | October 6, 2006 |
| Defendant's Rule 26(a)(2) Disclosures | November 3, 2006 |
| Amend Complaint | As soon as obtain information on identity of other actors. |
| Close of Discovery (including expert discovery) | December 15, 2006 |
| Dispositive Motions | January 26, 2007 |
| Oppositions to Dispositive Motions | February 9, 2007 |
| Reply in Support of Dispositive Motion | February 16, 2007 |

| Event | Date/Deadline |
|---|---|
| Filing of Pretrial Statements | One week before pretrial conference |
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then February 5, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own motion or upon motion of a party only upon showing of good cause.

Entered this _____ day of _____ 2006.

_____
District Judge Reggie B. Walton

Copy to:

**Counsel for Plaintiff:**

James C. Bailey
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036

Michael O'Keefe
P.O. Box 42065
Washington, D.C. 20015

**Counsel for Defendant District of Columbia:**

Nicola Grey
Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001


**Counsel for Defendant Sergeant Steffes:**

Rena Scheinkman
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALPHONSO WILLIAMS, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | Civil Action No.: 06-432N (RBW) |
| DISTRICT OF COLUMBIA, ET., AL., : | |
| : | JURY TRIAL DEMANDED |
| **Defendants.** : | |
| : | |

### DEFENDANTS' PROPOSED SCHEDULING ORDER

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| **Event** | **Date/Deadline** |
|---|---|
| Initial Disclosures | August 4, 2006 |
| Written Discovery Requests | August 25, 2006 |
| Plaintiff's Rule 26(a)(2) Disclosures | October 6, 2006 |
| Amend Complaint | October 9, 2006 |
| Defendant's Rule 26(a)(2) Disclosures | November 3, 2006 |
| Close of Discovery (including expert discovery) | December 15, 2006 |
| Dispositive Motions | January 26, 2007 |
| Oppositions to Dispositive Motions | February 9, 2007 |
| Reply in Support of Dispositive Motion | February 16, 2007 |
| Filing of Pretrial Statements | One week before pretrial conference |

| Event | Date/Deadline |
|---|---|
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then February 5, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own motion or upon motion of a party only upon showing of good cause.

Entered this _____ day of _____ 2006.

_____
District Judge Reggie B. Walton

Copy to:

**Counsel for Plaintiff:**

James C. Bailey
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036

Michael O'Keefe
P.O. Box 42065
Washington, D.C. 20015

**Counsel for Defendant District of Columbia:**

Nicola Grey
Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001

**Counsel for Defendant Sergeant Steffes:**

Rena Scheinkman
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001